IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARNITRICE UNDERWOOD,                                                  Case No.

      Plaintiff,

vs.                                                                                            JURY TRIAL DEMANDED

RESURGENT CAPITAL SERVICES L.P. and
LVNV FUNDING LLC,

      Defendants.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter "FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq* (hereinafter "FCCPA"); these laws prevent debt collectors and "persons" from, *inter alia*, engaging in abusive, deceptive, harassing, and unfair collection practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, 1367, and Fla. Stat. § 559.77(1).

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### PARTIES

4. Plaintiff, ARNITRICE UNDERWOOD (hereinafter "Mrs. Underwood" or "Plaintiff"), is an individual who is domiciled in the county of Hillsborough, state of Florida, and is a

"consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant, RESURGENT CAPITAL SERVICES L.P. (hereinafter "Resurgent"), is a limited partnership, organized under the laws of the state of Delaware, with its principal place of business located at 15 South Main Street, Suite 600, Greenville, South Carolina 29601. In the regular course of its business, the principal purpose of which is the collection of debts, Defendant uses instrumentalities of interstate commerce, and the mails. Further, in the regular course of its business, Resurgent collects or attempts to collect debts owed or due or asserted to be owed or due another. Lastly, Resurgent's business activities in this state involve collecting or attempting to collect consumer debt from debtors located in this state by means of interstate communication originating from outside this state.

6. Defendant, LVNV FUNDING LLC (hereinafter "LVNV"), is a foreign limited liability company, organized under the laws of the state of Delaware, with its principal place of business located at 200 Meeting Street, Suite 206, Charleston, South Carolina 29401. In the regular course of its business, the principal purpose of which is the collection of debts, LVNV uses instrumentalities of interstate commerce, and the mails. Further, in the regular course of its business, LVNV collects or attempts to collect debts owed or due or asserted to be owed or due another. Lastly, LVNV's business activities in this state involve collecting or attempting to collect consumer debt from debtors located in this state by means of interstate communication originating from outside this state.

FACTUAL ALLEGATIONS

7. On or about January 21, 2010, Arrow Financial Services LLC, a non-party to this lawsuit, filed a civil action against Plaintiff in the county court in and for Hillsborough County, Florida, captioned as: Arrow Financial Services LLC vs. Arnitrice Underwood, and bearing the case number 10-cc-001577 ("the lawsuit").

8. In that action, and on or about July 26, 2010, Arrow Financial Services LLC obtained a judgment against Mrs. Underwood in the total amount of $10,844.55, bearing interest at the rate of 6% per annum.

9. On or about February 24, 2011, Arrow Financial Services LLC proceeded to garnish Mrs. Underwood's wages in an effort to satisfy the judgment.

10. As of October 21, 2011, a total of $3,977.61 was garnished from Mrs. Underwood's wages on account of this judgment.

11. On or about June 1, 2011 the Honorable Herbert M. Berkowitz ordered the garnishee to distribute the garnished funds to the plaintiffs in the county court lawsuit.

12. On or about November 2, 2011 Defendants LVNV and Resurgent sent a letter to Plaintiff regarding this very same obligation. A copy of this letter is attached as "Exhibit A."

13. This letter listed a "Current Balance" owed of $10,120.29.

14. The letter furnished by Defendants was false and deceptive, as the "Current Balance" listed in the letter was incorrect insofar as the amount that was actually owed by Plaintiff on the judgment, as of November 2, 2011, was approximately $7,697.16.

15. Defendants' acts or omissions were attempts to collect a defaulted financial obligation originally owed to Washington Mutual Bank, which Chase Bank later succeeded to by

      merger or acquisition, and which was incurred for Plaintiff's personal, family, or household purposes.

16. All acts or omissions of the employees/agents of Defendants were performed within the scope of their respective employment/agency.

17. Resurgent, as agent, was acting on behalf of LVNV, as its principal.

18. As a result of Defendants' acts or omissions Plaintiff suffered damages in the forms of stress and fear that her garnished wages were being misappropriated, and that she was not receiving proper credit.

<u>CLAIMS FOR RELIEF</u>

-Count I-
<u>Violations of the Federal Fair Debt Collection Practices Act</u>

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 18.

19. The foregoing acts and omissions of Defendants and their employees/agents constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692e generally, 1692e(2)(A), 1692e(10), 1692f generally, and 1692f(1).

20. As a result of the above violations of the FDCPA, Plaintiff is entitled to recovery for actual damages, statutory damages, and attorney's fees and costs.

-Count II-
<u>Violations of the Florida Consumer Collection Practices Act</u>

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 18.

21. The foregoing acts and omissions of Defendants and its employees/agents constitute violations of the FCCPA, including, but not limited to, Fla. Stat. § 559.72(9).

22. As a result of Defendants' violation of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendants' conduct violated the FDCPA and FCCPA, and recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment against Defendants for the following:

a. Declaratory Judgment that Defendants' acts constituted violations of the FDCPA and FCCPA, pursuant to Fla. Stat. § 559.77(2);

b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2);

c. Statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Fla. Stat. § 559.77(2);

d. Punitive damages, pursuant to Fla. Stat. § 559.77(2);

e. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2); and

f. Such other and further relief that this Court may deem just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands trial by jury in this action.

Respectfully submitted,

/s/ Joseph B. Battaglia
G. Donald Golden, Fla. Bar No.: 0137080
don@brandonlawyer.com
Joseph B. Battaglia, Fla. Bar No. 0058199
joe@brandonlawyer.com
THE GOLDEN LAW GROUP
808 Oakfield Drive, Suite A
Brandon, Florida 33511
Telephone:  (813) 413-8700
Facsimile:   (813) 413-8701